FORD *v.* COMPTON.

ADVERSE POSSESSION—HOLDING WHICH WAS PERMISSIVE RATHER
    THAN HOSTILE INSUFFICIENT TO ESTABLISH TITLE BY ADVERSE
    POSSESSION.

> In a suit to quiet title to land on the ground that plaintiffs
> have held adversely for more than the statutory period and
> therefore have title by adverse possession, the finding of the
> court below that their holding was permissive rather than
> hostile, *held*, justified by the record.

Appeal from Wayne; Richter (Theodore J.), J.
Submitted June 5, 1928. (Docket No. 12, Calendar
No. 33,284.) Decided October 1, 1928.

Bill by Mary F. Ford and others against Eliza
Compton and others to quiet title to land. From a
decree dismissing the bill, plaintiffs appeal. Af-
firmed.

*James Gibbons* (*John P. Scallen,* of counsel), for
plaintiffs.

*Abbott & Coulter, Patterson & Patterson,* and
*Goggin & Cash,* for defendants.

CLARK, J. The bill is to quiet title. It was dis-
missed and plaintiffs have appealed.

Plaintiffs' chief claim is that they have title, hav-
ing held adversely for more than the statutory
period. The trial judge found that an element of
such a holding was lacking, namely, that the evidence
does not establish that it was hostile. We agree
with him. The preponderance of evidence is to the

effect that plaintiffs' holding was at all times permissive, that they were, in legal effect, tenants of defendants. Plaintiffs, so holding, paid the taxes on the property which was assessed to defendants. Plaintiffs' having the assessment changed to themselves just before this suit and seemingly for its purpose is not helpful to them. It follows that title by adverse possession was not made.

Plaintiffs also claim title by inheritance. This involves a lengthy abstract and a large family tree, interesting to the parties, but not to the profession. Discussion here will not be helpful. The opinion of the trial judge ought to have satisfied. It is approved.

There is a further suggestion that defendants have forfeited title to plaintiffs, but it calls for no discussion.

Decree affirmed, with costs to defendants.

FEAD, C. J., and NORTH, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.